Good morning, counsel. Good morning. May it please the court. Daniel Levin on behalf of the appellants. And your honors, I'm going to try to save two minutes for rebuttal. The IRS audited Mr. Kodik's individual return. It made adjustments. It allowed the Seaview losses. That audit closed. The statute of limitations expired. And the IRS started a second audit of Seaview under the TEFRA procedures. Before we go any farther, I want to be sure about Mr. – how do you say it? Kodik, sir. Kodik. He wasn't the tax partner, was he? He – of the Seaview? Uh-huh. Well, there is – he was the proper person to bring the petition to dismiss because Seaview is not a TEFRA partnership. So this issue of who is the tax matters partner matters if Seaview is subject to TEFRA. But Seaview isn't subject to TEFRA. So that's the critical issue. Why is it limited to TEFRA? Why don't you – under the case law, in this case, AGK had a 99.15% interest. Isn't it the tax partner for purposes of this claim? It is not because it's a disregarded entity. So this gets us to the question, Your Honor. What law do you cite to me for the idea that simply because AGK is a pass-through entity, it can't be the tax matters partner?  I mean, I understand your argument as it relates to the second issue as to the merits. But as to the standing issue, I'm still having a tough time understanding why, since AGK is a pass-through entity, it can't be a tax matters partner. I couldn't find anything to suggest that. Your Honor, let me take issue with calling it a pass-through entity because it's not. It's a disregarded entity, which is different. And if it's a disregarded entity, it means it's treated as indistinct for its individual owner for federal tax purposes. So what the check-the-box regulation – What you're suggesting is the fact that it's a pass-through entity has nothing to do with it. The fact that it is a disregarded entity then gets me to the merits, which turns this circular. So I have to decide the merits to determine when the standing is. Precisely. And you have to get to this question. That's what I understand your argument. Because I didn't find anything about a pass-through entity. Well, it's not. That's because it's not a pass-through entity. If it were only a pass-through entity and not a disregarded entity, as you argue it is, then you'd have no case, right? If it were a pass-through entity, like a partnership or an S corporation, it would be totally different. But it's not. It's a disregarded entity. So we know – You're really not answering my question. I just want a yes-or-no answer. If this were a pass-through entity, it could be the tax matters partner. If it's a disregarded entity, which goes to the merits here, then you're suggesting it can't be. If it were a pass-through entity – Because it's – Yes, Your Honor. It filed a petition. The petition was timely. So, Your Honor, I think what this – so I'm not disagreeing with you. It goes to the question of how do you deal with these entities. Because you can't decide any of this case without deciding how you deal with these disregarded entities. What does it mean to be disregarded? And so let me just go to the point that I think is really important on that. Because the IRS is saying, it says in its brief – with his position that in order for you to get to where you want to, you cannot be treating your – you can't treat this in any way as a pass-through partnership, right? Not the LLCs, no. You cannot treat them as a pass-through entity because they're not. And so let me explain why they're not. The bottom line is they are pass-through entities, but you're suggesting that that's not enough. It's also a disregarded entity. Well, Your Honor, maybe we're just arguing semantics. For purposes of federal tax law, they're disregarded entities. That's not disputed. The check-the-box regulations say if you're a single-member LLC, which these are – What's your idea? I understand your argument. So let's go to the next question. What's your authority for the idea that a disregarded entity could not be a pass-through partner? Let me give you three. Start with the federal circuit cases, Littriella, McNamee, this court's decision in Candy, which was unpublished. All of those were employment cases, right? And the question was, the LLC is the employer under state law, no question. For federal tax purposes, which is where we are, for federal tax purposes, the individual is considered the employer. That is, the disregarded entity disappears, and it's not a question of pass-through. Recall what the IRS said to this court in its Candy briefing. It distinguishes between a partnership, which is the pass-through, and a disregarded entity. It says just one level. Honestly, all your argument right here is just to say to me this revenue ruling, 2004-88, 2004-2CB, should be disregarded. It's wrong. That's all you're saying. You're saying to me the IRS has issued this revenue ruling. It has said that a single-member LLC that's otherwise a disregarded entity can, nonetheless, be a pass-through partner. Thus, the relevant partnership could not qualify for a TEFRA exception, and all you're saying is this revenue ruling is wrong. I am saying the revenue ruling is wrong. And why don't we give that skid more deference? There's no thoroughness of reasoning, and the reasoning that it does employ is incorrect. So what do we do then with the 2002 Chief Counsel's advice memorandum, which reached the same conclusion? I'm glad you asked about that. It does reach the same conclusion. Totally different reasoning, Your Honor. The IRS Chief Counsel advice memo from 2002 focuses on what you can discern from the face of the return. That's the logic that animates it. They totally changed gears in 2004, and they say they're talking about the ultimate owner, and they're talking about sort of state law ownership. So the IRS, between a two-year period, it switches the justification, which suggests that the reasoning, there's no consistent reasoning because the question under the skid more deference, right, is thoroughness of reasoning, persuasiveness. Look at what the IRS did. I'd point you to Revenue Ruling 2004-77, one week before 2004-88. That's a partnership. It has two partners, disregarded LLC and the disregarded LLC's owner. It's a partnership under state law because it has two partners. The IRS says you cannot treat that as a partnership for federal tax purposes. Why not? Because the disregarded LLC and its individual owner are indistinct. Therefore, for federal tax purposes, there's just one partner, and you can't have a partnership with just one partner. So it says that's not a partnership for federal tax purposes. And otherwise, it does exactly what you're supposed to do. It disregards the LLC. You're left with its owner who's an individual. That's one week before 2004-88. And I'd submit the reasoning of 2004-77 is completely consistent with check the box, and the reasoning of 2004-88 is inconsistent with it. And it's inconsistent. Let me ask you one other question since we're running out of time here. You've also contended that disregarded entities are not persons under Section 7701A and can't be, therefore, similar persons under the PASU partnership definition. But Section 7701 expressly includes corporations within its definition of persons. So how do you get to your determination? Well, disregarded entities are not persons because they're not corporations. They're these other state law creations, which is why the check the box regulations have to have a way to deal with them. They can elect to be corporations, right? And that's what the IRS says. If they're elected to be C-Corps, the IRS says they're small partners. That's really important because what they're saying is that election matters in terms of applying the small partnership exception. And the other point is, Your Honor, and we quote some in our brief, but there's a whole series of IRS regulations that talk about treating disregarded entities as persons in specific instances. And, of course, nothing prevents the IRS from writing a regulation to say that a disregarded entity can't be a small partner. They write the regulations. They just didn't write one here. They did a revenue ruling, but they didn't write a regulation. When they've wanted to treat disregarded entities differently, like they did after Littriello and McNamee, they rewrote the regulation. That's their prerogative to do. They just haven't done it here. And, Your Honor, I'll save my last one. Okay, thank you. We'll hear from the government. Good morning, Your Honors, and may it please the Court. Good morning. Andy Weiner for the Commissioner of Internal Revenue. As a preliminary matter, I'd just like to say that I believe I disagree with the Court's reasoning with respect to the jurisdictional question. In terms of the standing and whether it's the tax partner? Yeah. The TEFRA rules specifically say that if you don't specifically designate a tax matters partner, then that tax matters partner is the partner with the largest share, which in this case would be one of the LLCs that was owned by. So the government agrees with what at least Judge Smith and I were questioning about to the effect that does this gentleman have standing to support the partnership? No, and the tax court dismissed the case for that reason and said, okay. Let's go one further because I understood what counsel was arguing. Respond to his argument. He's saying, no, all this is is a disregarded, not a pass-through entity, but a disregarded entity. Correct, Your Honor. And to be disregarded for purposes of the check-the-box regulations means that you do not pay tax and you do not file a return. That's what disregarded means. If you look to the check-the-box regulations, the language says that if you're a disregarded entity, your activities are treated as if you're a sole proprietorship, which means that you don't file an independent return for the business. Those items are reflected directly on the taxpayer's return, and that's what happened here. And then if you look to the circuit case law that opposing counsel referenced in his opening argument, Mayweather-Riello and MacMe, there you had two businesses that operated through a disregarded entity, and because that entity was disregarded, did not file a tax return, and did not pay taxes, that those items flowed through directly to the owner's return, and therefore, the owner is directly liable for the tax liability. That's what a disregarded entity means. And to suggest that it means that the entity doesn't exist, which is really what taxpayers' argument is here, is I think to unmoor it from the whole point of the check-the-box regulations, which was designed to make it easy to treat a particular entity, whether it's a C corporation or an S corporation, or a partnership, which is subject to Subchapter K, when there's some question, which limited liability companies created when they came into existence in the 50s and 60s, I believe. The check-the-box regulation said, instead of doing this factual intensive analysis, which we did before under what were called the Kintner regulations, let's make this simple. Let's let taxpayers choose. They can either be a pass-through, or they could be considered, effectively, an association or a C corporation. And if you're a pass-through, if you have more than one member or partner, then you're considered a partnership, and so you're subject to Subchapter K. If you have one member, you can't be a partnership, and so you're a disregarded entity, which just means that you're not subject to Subchapter K, and so, therefore, you don't file your own return. Your items of taxation are reflected on the owner's return directly. It does not mean, Your Honor, that the entity does not exist. What's the status of the AGK petition? I believe that that petition has been stayed for the duration of this litigation, but to be perfectly, it's been a while since I've checked, Your Honor. So, just to be clear, you agree with the petitioner that in order to decide the jurisdictional question in this case, you actually have to decide the merits? No, Your Honor. Well, I think that the court properly determined that this was a TEFRA partnership because, clearly, the partners were pass-through partners, and so, therefore, the case should be dismissed. You don't need to get to the additional step of, well, who's the proper tax matters partner, which is, I think, you don't have to go further down that road because as the court recognized, there is this other petition out there, and so you don't need to worry about letting Mr. Kotick amend his petition. So, in order to dismiss the case for lack of jurisdiction, the tax court had to determine that TEFRA applied? Correct. And that's kind of a merits determination because Kotick and AGK say that, and Seaview say that, that TEFRA does not apply? Yes. They're saying that TEFRA does not apply, and then there are other, they also potentially raised, yeah, I think that they potentially raised a challenge to the penalty liability. Right. And so, I mean, yes, it gets into, certainly this is, there is not a bright line between the determination of jurisdiction, determination of the merits, but that goes to, I believe, the nature of the claims that they're raising. Okay. So, the underlying issue is does TEFRA apply to Seaview, right? Correct. Okay. Does it matter one way or the other to the commissioner whether that issue is decided in the context of this case or in the context of the AGK case? Does the government have any advantage or disadvantage one way or the other? I do not believe so, Your Honor. Does, and I'm going to ask counsel when he steps back up, do you think that Kotick or AGK see any advantage or disadvantage to having that issue resolved either in this case or in the AGK case? Maybe you don't know. Because I'm wondering, like, there's two cases, and why are you duking it out in two cases as opposed to one case? And I'm thinking maybe AGK is concerned is if this tax court ruling is affirmed, the government will then turn around and say, ah-ha, a premise of this tax court's ruling, which was affirmed, is that TEFRA applies, so therefore you lose in the AGK case. So, if that happens, will the government do that, put Kotick and AGK in that kind of a catch-22? I don't, with all due respect, I don't think it's a catch-22. Let me ask you this. If we affirm the tax court in this case, will you argue as a matter of collateral estoppel that it's already been decided whether TEFRA applies to Seaview? It's a very simple question, yes or no, and then explain. If I could preface. I don't have, I haven't addressed that question with the service, and that issue is pending before the tax court, which is an issue that is addressed by, those cases are handled by Chief Counsel's Office and the Internal Revenue Service, and so, therefore, I would need to consult with them before that. However, I would say this to your concern, Your Honor, is that the concept of a tax matters partner is a TEFRA-specific context, a TEFRA-specific concept, and so the fact that if this court says, well, AGK was the right entity to bring to raise a claim because it was the tax matters partner, that presupposes that TEFRA is applicable, and that is, I think, why, for example, Mr. Kotick brought this case independently because he didn't want to create those atmospherics by virtue of, by saying, by having the LLC bring the case, that would sort of suggest or it implies that there's some TEFRA overlay, and I would also add that a partnership proceeding in general is a TEFRA concept, and if a partnership was not subject to TEFRA, then this would all be happening at the individual partner level, and so. So why doesn't the service or the tax court say, okay, if AGK brings the petition, AGK can bring the petition, or we're not going to say, aha, you've just admitted that TEFRA applies, and, therefore, you lose. Why doesn't the service say to AGK, okay, we'll let you bring the petition, and we're not going to take that as an admission, it's just AGK's petition will just be the vehicle where you can duke out the substantive issue that's at the bottom of this? Well, Your Honor, Mr. Kotick, or taxpayer in this case, didn't give the service the opportunity to do that. I mean, because of this case and pressing this particular issue, that this is not a TEFRA partnership or is a TEFRA partnership, it didn't allow the normal procedure to play out. And so, therefore, I'm not suggesting that we would say, aha, this is a TEFRA partnership because you, AGK, brought this case. But I am saying that because we're here and we're duking out as to whether this partnership is a TEFRA partnership or not for 2001, then that is going to bear on the other case, which is, I presume, why that case was state. So everything's going to get resolved in this case? I think it was properly resolved by the tax court and that the merits issues that AGK raises can go forward and be litigated in the partnership proceeding, but this is a TEFRA partnership for the reasons, and I see that my time is used up. I took up a lot of your time. And so, if I could have 20 seconds just for a summation. Of course, because the court was asking questions. Okay. But, Your Honors, I think that this is clearly an instance where you have a TEFRA partnership because they do not meet the small partnership exception because this is plainly a pass-through partner. And the only way that taxpayers try to get around that is by leveraging one term called a disregarded entity in the check-the-box regulations, but that completely separates it from the purpose and the actual language that the check-the-box regulations use to describe what a disregarded entity is. Okay. Thank you for your argument. Thank you, Your Honors. Any other questions by my colleague?  Counsel, you have some rebuttal time. Thank you, Your Honor. Let me go just to the proper case point and then back to the disregarded entity point. On the proper case point, the government brought a motion to dismiss on the ground that TEFRA applied. So, the issue was joined in this case in the tax court, and so that's the posture we're in here. And, of course, if TEFRA doesn't apply, then the AGK petition doesn't matter. So, that's on that. On the other point, on the disregarded entity point, the government cannot reconcile its position that the disregarded entity is a pass-through partner with its position in the revenue ruling that says, 2004-77, that says you can't have a partnership with a disregarded entity and its individual owner because you have just one partner. Totally irreconcilable. And it can't reconcile its position with what it says in its brief, which is if you elect under the check-the-box rules to be a C-Corp, then you qualify under the statute as a permissible small partner. That is, that election matters. And when you make the disregarded entity election, you are not electing to be a pass-through entity. You're electing to be treated as the individual owner, like a sole proprietorship or a branch or division. Those are the statutory words, not pass-through. It doesn't say pass-through in the check-the-box regulations. It says the activities are treated like a sole proprietorship, branch, or division of the owner. And it's black-letter law that a sole proprietorship and its individual owner are the same. They're one in the eyes of the law. Since the time is up, let me ask my colleague any other questions that you have. We thank you. I know we could talk about this for a long time, but thank you both for your arguments. It's very helpful. I appreciate it. The case just argued is submitted.
judges: M. Smith, N.R. Smith, Feinerman